UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT J. RAMSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| INDIANA UNIVERSITY BOARD OF TRUSTEES; DAREN SNIDER, in his individual capacity; and SCOTT LEE, in his individual capacity | ) ) CAUSE NO: 1:22-cv-2395-TWP-MG ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' STATEMENT OF DEFENSES**

Pursuant to section IV.B of the CMP, ECF No. 19, Defendants submit the following statement of defenses they intend to prove at trial.

**1.  Plaintiff's claims are barred by the Eleventh Amendment of the U.S. Constitution and the doctrine of sovereign immunity.**

Plaintiff's Section 1983 claims are barred by sovereign immunity. The Eleventh Amendment provides immunity for the named defendants in their official capacities against plaintiff's claims. *Colburn v. Trs. of Ind. Univ.*, 739 F. Supp. 1268, 1281 (S.D. Ind. May 15, 1990); *Shannon v. Bepko*, 684 F. Supp. 1465, 1470 (S.D. Ind. 1988). In addition, Defendants intend to prove that plaintiff's claims are not "bona fide individual capacity" claims and that, therefore, the individual Defendants being sued in their individual capacities enjoy sovereign immunity as well. *Harden v. Bd. of Trs. of E. Ill. Univ.*, No. 12-CV-2199, 2013 WL 6248500, *9 (C.D. Ill. Dec. 2, 2013). Finally, Plaintiff's state law claim is

also barred by sovereign immunity. *See, e.g., Bull v. Bd. of Trs. of Ball State Univ.*, No. 1:10-cv-00878-JMS-TAB, 2011 WL 6740549, *4 (S.D. Ind. Dec. 22, 2011) (dismissing state law breach of contract claim).

2. **Plaintiff's claims are barred to the extent that any of Defendants are not "persons" as defined in Section 1983.**

Plaintiff's claims for monetary damages pursuant to 42 U.S.C. § 1983 against the Defendants in their official capacities are barred because they are not "persons" under Section 1983. *Grant v. Trs. of Ind. Univ.*, No. 1:13-cv-00826-TWP-DML, 2015 WL 4077255, *3 (S.D. Ind. July 6, 2015). In addition, Plaintiff's claims against the Trustees of Indiana University is barred because it is also not a "person" under Section 1983.

3. **The rights Plaintiff alleges were violated were not "clearly established," as that phrase is used in applicable case law, so Defendants are entitled to qualified immunity.**

Defendants also intend to prove that they are entitled to qualified immunity because plaintiff cannot show that their alleged conduct "violated clearly established constitutional rights of which a reasonable person in their situations would have been aware." *Hosick v. Chicago State Univ. Bd. of Trs.*, 924 F. Supp. 2d 956, 972-73 (N.D. Ill. 2013).

4. **Plaintiff has failed to articulate a "clearly established right" with sufficient specificity, so he cannot overcome Defendants' right to qualified immunity.**

In addition to citing a clearly established right, a plaintiff must do so with specificity. *Reichle v. Howards,* 566 U.S. 658, 664 (2012) (the Supreme Court "has previously explained that the right allegedly violated must be established, 'not as a broad general proposition,' but in a 'particularized' sense so that the 'contours' of the right are

2

clear to a reasonable official."); *Anderson v. Creighton,* 483 U.S. 635, 639 (1987) (particularized description required; otherwise "Plaintiffs would be able to convert the rule of qualified immunity that our cases plainly establish into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights").

**5.     Reservation of Rights.**

By submitting the above, Defendants are not contending that any particular party may or may not bear the burden of proof on an issue, or part thereof.  Defendants are still in the process of preparing for trial. Accordingly, Defendants reserve, and do not waive, their right to assert additional claims or defenses at trial.

Dated: November 20, 2023

*Vivek R. Hadley*
Melissa A. Macchia, Atty. No 29920-49
Vivek R. Hadley, Atty. No. 36260-53
Taft Stettinius & Hollister LLP
One Indiana Square, Ste. 3500
Indianapolis, IN 46204
T: 317-713-3500
F: 317-713-3699
mmacchia@taftlaw.com

*Attorneys for Defendants*